## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 8:09CR187 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| DANNY REAVES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the defendant's Motion to Sever (#20).

On May 21, 2009 Reaves was indicted in the United States District Court for the District of Nebraska on a four-count complaint:

Count I, Bank Robbery allegedly occurring on January 21, 2009

Count II, Use, carrying and brandishing a weapon, firearm during a bank robbery

Count III, Interference with commerce by threats and violence (involving an armored car robbery on May 1, 2009)

Count IV, Use, carrying, brandishing and discharging a firearm during an armored car robbery

On July 14, 2009 the defendant filed his motion to sever counts and requested the court to enter an order severing Counts I and II from Counts III and IV based on an allegation of misjoinder under Fed. R. Crim. P. 8(a) and prejudicial joinder under Fed. R. Crim. P. 14(a).

The motion was heard on August 20, 2009.  I find the motion should be denied.

Federal Rule of Criminal Procedure 8(a) permits the government to charge multiple counts in a single indictment, providing the offenses charged are (1) of the same or similar

character, (2) are based on the same transaction, or (3) constitute parts of a common scheme or plan.  Joinder is proper if any of these three standards is met.  Thus, Rule 8 generally favors joinder, "to promote the efficient administration of justice."  *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008).  Joint trials on all counts of indictment are generally preferable for several reasons.  First, separate trials necessarily invoke a degree of "inconvenience and expense."  *United States v. Pherigo*, 327 F.3d 690, 693 (8th Cir.), *cert. denied*, 539 U.S. 969 & 540 U.S. 960 (2003).  Second, trying all counts together serves the important function of giving "the jury the best perspective on all of the evidence," thereby increasing the likelihood that the jury will reach "a correct outcome."  *Id.*

In this case, joinder of trial based upon the same or similar character of the events involving the robbery of the Tier One Bank on January 21, 2009 and the armored car on May 1, 2009 meet the requirements for joinder under Fed. R. Crim. P. 8(a), as both robberies were conducted by disguised, armed individuals in an aggressive manner.

Federal Rule of Criminal Procedure 14 specifies that courts may order separate trials if a joint trial would "prejudice the defendant or the government."  The danger of prejudice to the defendant is inherent in any proceeding in which the government tries a single defendant on multiple counts.  For example, a jury may improperly use evidence of one crime to infer that the defendant committed another crime.  *See, United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999).  Indeed, a jury may accumulate evidence to find guilt of all crimes, whereas it would not have found guilt on any crime, if it had been considering the offense separately.  *See Id.*  Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the "general

-2-

efficiency of joinder." *Taken Alive*, 513 F.3d at 903.  Accordingly, separate trials are required only when prejudice caused by a joint trial is "severe or compelling." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir.), *cert. denied*, 546 U.S. 994 (2005); *Pherigo*, 327 F.3d at 693.  Severe prejudice occurs when a defendant is deprived of "an appreciable chance for an acquittal," a chance that defendant "would have had in a severed trial." *Boyd,* 180 F.3d at 982.

In this matter, Reaves cannot demonstrate that a joint trial would cause him "severe" prejudice if the facts related to his commission of one of the charges would have been probative and admissible in a separate trial.  As the government points out in its brief, under Fed. R. Evid. 404(b), Reaves' prior bad act both in the other charge and other robberies not charged would most likely be admissible in the trial of each of the counts if severed.  Additionally, the evidence as to all counts charged is not unusually complex and could easily be compartmentalized by a jury hearing testimony of separate incidences.  Thus, it is apparent that a cautionary instruction informing the jury to give separate consideration as to each of the individual counts and as to how the evidence of other crimes under 404(b) should be handled, will be sufficient in this case.

Because the counts can easily be compartmentalized by properly instructing the jury, any allegation of prejudice resulting from the elements of one count would not result in a spillover as to the other counts, causing a need for severance.  In our circuit it is presumed that a jury can, in fact, properly consider counts independently. *United States v. Bear Stops*, 997 F.2d 451, 459 (8th Cir. 1993).  I find that Reaves has failed to show that he would be unduly prejudiced.

-3-

**IT IS ORDERED:**

1.  The defendant's Motion to Sever Counts (#20) is denied.

2.  Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) business days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a  brief setting forth the party's arguments that the magistrate judge's order ***is clearly erroneous or contrary to law***. The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  *See* NECrimR 57.2.

**DATED August 21, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-4-