IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:09CR187 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM AND ORDER |
| DANNY REAVES, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the defendant's appeal, Filing No. 36, of the magistrate judge's order, Filing No. 25, denying his motion to sever, Filing No. 20.

**I.  BACKGROUND**

On May 21, 2009, Reaves was indicted on a four-count indictment charging bank robbery allegedly occurring on January 21, 2009 (Count I); using, carrying and brandishing a weapon or firearm during a bank robbery (Count II); interference with commerce by threats and violence (involving an armored car robbery on May 1, 2009) (Count III); and using, carrying, brandishing and discharging a firearm during an armored car robbery (Count IV).  Filing No. 4, Indictment.  The defendant moved to sever Counts I and II from Counts III and IV under Federal Rule of Criminal Procedure 8(a) as an impermissible joinder or, in the alternative, under Federal Rule of Criminal Procedure 14 as prejudicial. The magistrate judge concluded that "joinder of trial based upon the same or similar character of the events involving the robbery of the Tier One Bank on January 21, 2009, and the armored car on May 1, 2009, meet the requirements for joinder under Fed. R. Crim. P. 8(a), as both robberies were conducted by disguised, armed individuals in an aggressive manner."  Filing No. 25, Order at 2.  The magistrate judge found that a

cautionary instruction informing the jury to give separate consideration to each count would be sufficient to remedy any prejudice to the defendant. *Id.* at 3.

The magistrate judge held an evidentiary hearing on August 20, 2009. Filing No. 30, Transcript (Tr."). The magistrate judge's finding may be reversed if clearly erroneous or contrary to law. *See* 28 U.S.C. § 636. The court has reviewed the record, including the transcript of the hearing. For the reasons set forth below, the court finds that the order of the magistrate judge should be reversed.

The evidence adduced at the hearing showed that Jonathan Robitaille, a special agent with the FBI, investigated the January 21, 2009, robbery of Tier One Bank at 8820 Arbor Street in Omaha. Filing No. 30, Tr. at 3-4. The robbery occurred early in the morning, before business hours and two men gained access to the bank by using a cutting torch to burn through glass in the side door. *Id.* at 4-5, 26. An employee was approached by the two black males wearing dark clothing and masks or bandanas that partially covered their faces. *Id.* at 6. The employee reported that at least one of the men had a firearm. *Id.* at 7. The men ordered the employee to open the vault, took two drawers of cash from the vault and told the employee to go into the bathroom while they fled. *Id.* Glass-cutting goggles were found at the scene and tested for DNA. *Id.* at 8.

Robitaille testified that he also investigated a robbery of a Rochester Armored Car that occurred on the 7200 block of North 30th Street on May 1, 2009. *Id.* In that incident, a guard carrying money from the Douglas County Treasurer's Office to the armored car was accosted by two black males wearing dark clothing. *Id.* at 9. One of the men tried unsuccessfully to Taser the guard, a gun battle ensued, and the guard was shot. *Id.* at 9. At least one of the robbers was shot. *Id.* at 10. Law enforcement officers later recovered

a Taser, a bullet, and a spot of blood at the scene. *Id*. The blood was sent for and reportedly matched the DNA of defendant Reaves. *Id.* at 10. There is also evidence that someone purchased the Taser for Reaves. *Id.* at 12. Reaves was apprehended six days after the Rochester Armored Car robbery. *Id.* at 12. He had gunshot wounds, and there is evidence that he was treated in East St. Louis, Illinois, approximately 9 hours after the robbery. *Id.* at 12-14. Agent Robitaille testified that no one from the scene of either robbery identified Reaves as one of the robbers, although the bank employee stated that Reaves appeared to be the same person who robbed Tier One Bank in January after she had seen a picture of him in the newspaper following his arrest for the armored car robbery in May.

Agent Robitaille testified he also investigated a robbery of First National Bank in Bellevue, Nebraska, that occurred on March 13, 2009. *Id.* at 15-16. The robbery also involved the use of Tasers. *Id.* at 16-17. Two friends of Reaves were arrested in connection with that robbery. *Id.* at 16. Monitored telephone calls from the jail showed some connection to Reaves, but he has not been charged in the March robbery. *Id.* at 19-22. A white van was reported to have been seen at the scene of the March bank robbery and at the scene of the May armored car robbery. *Id.* at 22-23.

Agent Robittaille testified that the similarities between the incidents were that both robberies involved two disguised suspects, both involved guns, and both involved money being stolen. *Id.* at 24-25. Robitaille acknowledged, however, that those facts were true of a great deal of robberies. *Id.* at 25-26.

**II.  DISCUSSION**

Fed. R. Crim. P. 8(a) provides that an "indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).  When a defendant moves for severance, a district court must first determine whether joinder is proper under Federal Rule of Criminal Procedure 8; even if joinder is proper under that rule, the court still has discretion to sever under Rule 14.  *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005).  Rule 8 is broadly construed in favor of initial joinder, in light of "the availability of rule 14 as a remedy for prejudice that may develop during the trial." *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984).

Under Rule 8, joinder is generally appropriate when counts are factually interrelated. *Ruiz*, 412 F.3d at 886 (involving drug conspiracy and distribution).  Offenses are "of the same or similar character" if they refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each offense overlaps.  *Id.*; *United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999).  The time factor is determined on a case-by-case basis and "is relative to the similarity of the offenses, and the possible overlapping of evidence." *Rodgers*, 732 F.2d at 629.  Evidence overlaps as to separate offenses if the evidence surrounding one crime could be introduced and properly admitted in a trial for another crime to show intent or identity under Federal Rule of Evidence 404(b). *Id.* at 630; *United States v. Taken Alive*, 513 F.3d 899, 903 (8th Cir. 2008) (involving assaults with factual similarities).

Under Rule 14(a), "if the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Considering whether joinder is proper under Rule 14(a) involves balancing judicial efficiency and convenience with the defendant's right to a fair trial. *United States v. Graham*, 275 F.3d 490, 513 (6th Cir. 2001). A "spill over" of prejudice is a basis for severance. *United States v. Davis*, 103 F.3d 660, 676 (8th Cir. 1996) ("[p]rejudice may result from a possibility that the jury might use evidence of one crime to infer guilt on the other or that the jury might cumulate the evidence to find guilt on all crimes when it would not have found guilt if the crimes were considered separately."); *United States v. Little Dog,* 398 F.3d 1032, 1037 (8th Cir. 2005) (stating that "to avoid prejudice, the district court can always grant severance.").

The court finds that joinder is not proper in this case. The offenses are not similar in type. A bank robbery is qualitatively distinct from an armored car robbery. Also, other than the fact that the robbers wore dark clothing, there is little similarity between the two incidents. One occurred in broad daylight in a public strip mall and one occurred before daylight and before business hours. One involved a Taser and the other involved gunfire. One involved a physical assault and the other did not. The incidents occurred five months apart. The similarity of certain facts present in one or the other of these two robberies to the facts presented in a third robbery for which Reaves has not been charged is simply too tenuous to support joinder. Accordingly, the court finds that joinder is not proper under Rule 8(a).

Even if joinder were proper, the court would exercise its discretion to sever the claims pursuant to Fed. R. Crim. P. 14.  Moreover, it is questionable whether evidence relating to one incident would be admissible in the trial of the other.  Even if it were, the court finds it likely that the danger of unfair prejudice would outweigh the probative value of overlapping evidence.  The robberies at issue in this case involve different victims, different locations, dissimilar modus operandi, and incidents that are remote in time.  The court finds the danger of unfair prejudice to the defendant cannot be cured with a cautionary instruction.  Accordingly, the court finds the defendant's motion to sever should be granted and Counts I and II should be severed from Counts III and IV.

IT IS ORDERED:

1. The defendant's appeal (Filing No. 36) is sustained.

2. The order of the magistrate judge (Filing No. 25) is reversed.

3. The defendant's motion to sever (Filing No. 20) is granted.

DATED this 29th day of October, 2009.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge