IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|                                 ) | |
|             Plaintiff,          ) | 8:09CR187 |
|                                 ) | |
|     v.                          ) | |
|                                 ) | |
| DANNY REAVES,                   ) | MEMORANDUM AND ORDER |
|                                 ) | |
|             Defendant.          ) | |
|                                 ) | |

This matter is before the court on the defendant's motion to vacate under 28 U.S.C. § 2255, Filing No. 161; motion to amend, Filing No. 167; and amended motion, Filing No. 168. Under the Rules Governing Section 2255 Proceedings for the United States District Courts ("2255 Rules"), the court must perform an initial review of the defendant's § 2255 motion. See 28 U.S.C. § 2255, Rule 4(b). The rules provide that unless "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court," the court must order the United States Attorney to respond to the motion. Id.

The defendant was found guilty, after a jury trial, of interfering with interstate commerce by robbing an armored car, in violation of 18 U.S.C. §§ 1951 and 2, and using, carrying, brandishing and discharging a firearm during and in relation to that robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. He was sentenced to 240 months' imprisonment for the robbery conviction and 120 months' imprisonment on the weapons conviction, to be served consecutively. Reaves also pled guilty to one count of bank robbery, in violation of 18 U.S.C.§ 2113( a), and was sentenced to 240 months'

imprisonment, to be served concurrently with his 240-month sentence for the armored car robbery.

On appeal he challenged his convictions on the following grounds: (1) the district court erred when it denied Reaves the opportunity to impeach a witness; (2) the district court erred when it denied his motion for a new trial because the government failed to disclose exculpatory evidence; (3) the pretrial correspondence to a witness did not warrant an instruction on attempting to influence witnesses; (4) there was insufficient evidence linking him to the robbery; and (5) he was denied effective assistance of counsel. Filing No. 162, Eighth Circuit Court of Appeals Opinion at 4. His conviction was affirmed. *Id.* at 10. The Court of Appeals did not address the defendant's ineffective assistance of counsel claim, finding that it should be pursued in a collateral proceedig under 28 U.S.C. § 2255.

The court first finds the defendant's motion for leave to amend his § 2255 motion should be granted. In his § 2255 motion and related pleadings, the defendant alleges that he received ineffective assistance of counsel in several particulars. He asserts counsel was ineffective for failing to do an adequate investigation of his arrest, causing the defendant to enter into an unintelligent and involuntary plea. He also alleges prosecutorial misconduct in connection with failure to turn over exculpatory materials. Further, he alleges counsel was ineffective in failing to pursue the issue of a violation of Fed. R. Crim. P. 5(a) and for failing to move to suppress evidence obtained in a warrantless seizure of his cell phone and to challenge identification evidence and physical evidence.

On initial review, the court finds that "it does not plainly appear that the defendant is entitled to no relief." Accordingly, the court finds the government should be required to answer. On receipt of the government's answer, the court will determine (a) whether to

2

order the parties to submit briefs on the merits, so that the defendant's claims may be resolved on the basis of the record and briefs, or (b) whether an evidentiary hearing is required, and (c) whether appointment of counsel is warranted.  See Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

THEREFORE, IT IS ORDERED:

1. Defendant's motion to amend (Filing No. 167) is granted.

2. On initial review, the court finds that summary dismissal is not appropriate.

2. The United States shall file an answer to the defendant's § 2255 motion and amended motion (Filing Nos. 161 and 168) within 21 days of the date of this order.

DATED this 8th day of March, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
U.S. District Court Judge