IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DANNY REAVES,<br><br>                Defendant. | 8:09CR187<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendant's Motion and Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Filings Nos. 161 and 168. Defendant has filed Motions to Appoint Counsel, a Motion for Clarification, a Motion to Produce Reports, a Motion for Status of the § 2255, a Motion for Docket Sheet, and a Motion to add Reaves Reply argument to the government response of the § 2255. Filing Nos. 158, 159, 160,174,183,184,185.

## STATEMENT OF FACTS

**1. Armored car robbery**

On May 1, 2009, a Rochester Armored Car was robbed outside of the North Branch of the Douglas County Treasurer's Office ("Treasurer's Office"). Two masked men approached one of the Armored Car guards, Princeton Hervey ("Hervey"), while he carried two bags of deposits from the Treasurer's Office to the Armored Car. Filing No. 149 at 64-65, 68. One man Tasered Hervey. Filing No. 149 at 71; Filing No. 154 at 14. Hervey then noticed that the two bags from the Treasurer's Office were missing and exchanged gun fire with the men. Filing No. 149 at 72-73. Hervey received a wound to the leg but Hervey believed he had injured both of the men. Filing No. 149 at 73-75, 80. A later audit revealed that the bags from the Treasurer's Office contained $19,037.33 in

cash. Filing No. 149 at 170. It was subsequently discovered that a bag containing $12,000.00 from the Omaha Public Power District ("OPPD") was also missing. Filing No. 149 at 191-92.

### 2. TierOne Bank robbery

On January 21, 2009, the TierOne Bank Branch at 8820 Arbor Street was robbed. Presentence Investigation Report ("PSR") at 8 (sealed). Two men gained access to the bank by using a blowtorch to cut a hole to a back door to the building. PSR at 9. The men surprised the teller, Amy Stackhouse ("Stackhouse"), as she was preparing the bank to open. *Id.* One man escorted Stackhouse to the vault, where she provided him with $32,790.00 in currency. *Id.*

### 3. Reaves's arrest and search warrant

The Omaha Police asked Sprint for a Precision Location of Mobile Device ("GPS location") for Danny Reaves ("Reaves") based on information that an individual had been shot during an armored car robbery and that this individual was Reaves. On May 8, 2009, law enforcement received information that Reaves was in the area of 69th and Pinkney Street. Filing No. 154 at 84. Reaves exited a residence in that area, and law enforcement noticed that Reaves had an injury to his hand or arm. Filing No. 154 at 86. Reaves was arrested and taken to Creighton Medical Center for medical treatment. Filing No. 154 at 89, 91.

After his arrest, law enforcement executed a search warrant at the residence Reaves had exited at 6789 Pinkney. Filing No. 154 at 94-95. During the search, law enforcement discovered a bag of medical supplies containing $7,680.00 in cash, and $520.00 in twenty-dollar bills on the floor. Filing No. 154 at 99, 102-03.

On May 21, 2009, Reaves was indicted on four counts related to robbery and firearm offenses. Counts I and II related to the robbery and brandishing of a firearm during the TierOne Bank robbery in Omaha, Nebraska. Filing No. 4. Counts III and IV related to the robbery and brandishing of a firearm during the Rochester Armored Car robbery. *Id.* Reaves entered pleas of not guilty to all charges. The district court severed Counts I and II from Counts III and IV, and set Counts III and IV for trial. Filing No. 38. Hervey and his partner, Matthew Gutierrez ("Gutierrez"), testified at trial. The Taser discovered at the scene was traced to April Ruffin ("Ruffin"), the aunt of Reaves's child. Filing No. 154 at 146; Filing No. 149 at 199. Ruffin testified at trial that Reaves asked her to buy the Taser for him. Filing No. 149 at 200. It was stipulated at trial that blood discovered at the scene matched to DNA taken from Reaves at Creighton University Medical Center. A jury convicted Reaves of Counts III and IV. Filing No. 78.

Reaves subsequently entered into a plea agreement, pleading guilty to Count I in exchange for the dismissal of Count II. Filing No. 97. Evidence against Reaves for the TierOne Bank robbery included an eyewitness ID by Stackhouse, who identified Reaves based on a photograph she saw from a news account detailing the armored car robbery. PSR at 9. Law enforcement officers discovered a pair of welder's goggles near the scene. *Id.* The goggles contained multiple DNA sources and Reaves could not be excluded as a DNA source. *Id.* The court sentenced Reaves to 240 months on each of Counts I and III to run concurrently, and imposed a 120-month sentence on Count IV to run consecutively to the first two counts. Filing No. 129.

In his § 2255 motion and amended motion, Reaves alleges multiple claims of ineffective assistance of counsel: (1) counsel failed to challenge a violation of Rule 5(a) of the Federal Rules of Criminal Procedure, (2) counsel failed to file a motion to

3

suppress Reaves's cell phone, (3) counsel failed to move to suppress Stackhouse's identification, (4) counsel failed to move to suppress the welder's goggles, (5) counsel failed to file a motion in limine to exclude the OPPD bag, (6) counsel failed to present testimony on Reaves's injury, (7) counsel failed to impeach Ruffin, Guiterrez, and Hervey, and (8) counsel failed to do an adequate investigation prior to the plea agreement. Reaves also raises a claim of prosecutorial misconduct.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner has "an avenue for relief if his 'sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law.'" *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C.A. § 2255(a)). Ineffective assistance of counsel issues are appropriately raised in collateral proceedings. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003). "The right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). Under the Fifth and Sixth Amendments, a criminal defendant is entitled to assistance of counsel at trial and at his first appeal of right. *See Gideon v. Wainwright,* 372 U.S. 335, 344 (1963); *Evitts v. Lucey,* 469 U.S. 387, 392-93 (1985) (the fundamental right to effective assistance of counsel extends to a criminal defendant's first appeal of right). The right to counsel includes the right to reasonably effective counsel*. Strickland v. Washington,* 466 U.S. 668, 686 (1984). In order to make out a claim of ineffective assistance, a petitioner must satisfy the familiar *Strickland* standard, "which requires a showing 'that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the

proceedings would have been different if his lawyer had performed competently (prejudice).'" *King v. United States*, 595 F.3d at 852 (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003)).

Deficient performance "is that which falls below the 'range of competence demanded of attorneys in criminal cases.'" *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010) (quoting *Strickland*, 466 U.S. at 687). "The standard is an objective one, viewed in light of professional norms prevailing when the representation took place." *Id.*; *Bobby v. Van Hook*, 130 S. Ct. 13, 16 (2009) (per curiam). We must consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688. The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *King*, 595 F.3d at 853.

Under *Strickland*, strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (quoting *Strickland*, 466 U.S. at 690). The Eighth Circuit has "consistently held that a reasoned decision not to call a witness 'is a virtually unchallengeable decision of trial strategy,' in part because 'there is considerable risk inherent in calling any witness because if the witness does not hold up well on cross-examination, the jurors might draw unfavorable inferences.'" *Id.* (quoting *United States v. Staples*, 410 F.3d 484, 488-89 (8th Cir. 2005)). Also, counsel is not necessarily ineffective for failing to raise an argument that may have had merit but was a wholly novel claim at the time. *See King*, 595 F.3d at 853; *Alaniz*, 351 F.3d at 368 (finding deficient performance in failure to raise improper aggregation of drug quantity at sentencing and on appeal).

To establish prejudice under *Strickland*, a petitioner must "demonstrate that there is a reasonable probability that, but for counsel's claimed unprofessional errors, the result of the proceeding would have been different." *Christenson v. Ault*, 598 F.3d 990, 996 (2010). In the sentencing context, prejudice can be found with a showing that, had an argument been presented, a defendant likely would have received a much shorter sentence. *King*, 595 F.3d at 852-53. "An error increasing a defendant's sentence by as little as six months can be prejudicial within the meaning of *Strickland*." *Alaniz*, 351 F.3d at 368; *see also United States v. Spigner*, 416 F.3d 708, 711 (8th Cir. 2005); *King*, 595 F.3d at 853-54.

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

### 1. Failure to challenge a 5(a) violation

Reaves alleges that counsel failed to challenge a violation of Rule 5(a) of the Federal Rules of Criminal Procedure. Rule 5(a) of the Federal Rules of Criminal Procedure states that an arrested person shall be brought before a magistrate judge without unnecessary delay. Fed. R. Crim. P. 5(a). Reaves argues that his hospitalization after his arrest led to an impermissible delay in seeing the magistrate judge. Reaves alleges that the DNA evidence gathered during the delay should have been excluded, and if the evidence were excluded, he would have gone to trial. The court finds these claims are without merit.

To meet the *Strickland* standard, Reaves must show both that counsel was deficient in not raising a 5(a) violation and that there is a reasonable probability that the outcome of the proceedings would have differed if he had raised the alleged violation. Reaves has not shown that counsel's actions were deficient. Rule 5(a) is not violated when a person is in the custody and under the control of state authorities, unless these

6

state officers are acting in collaboration with the federal authorities. *United States v. Jeanetta*, 533 F.3d 651, 655-56 (8th Cir. 2008). Further, Rule 5(a) is not violated when the delay is caused by medical necessity. *United States v. George*, 987 F.2d 1428, 1431 (9th Cir. 1993).

Fugitive task force officers arrested Reaves on May 8, 2009. Filing No. 154 at 83. At the time Reaves had been charged in Sarpy County District Court with a Class IV Felony for conspiracy to destroy evidence from a bank robbery, and with failure to appear at a scheduled appearance in Sarpy County Court. Filing No. 1. During the arrest, the officers noticed that Reaves had sustained an injury to his left arm. Filing No. 154 at 89. Reaves was immediately transported to Creighton University Medical Center for medical care, where he was diagnosed with cellulitis. Filing No. 154 at 91, 173-174. The treating physician's assistant determined that Reaves needed antibiotic therapy and an orthopedic consultation and could not be cleared to go to jail. *Id.* at 174, 179. Reaves remained in the hospital for three days. *Id.* at 179. Federal law enforcement officers did not execute the federal arrest warrant until June 1, 2009. Filing No. 15. Reaves appeared before Magistrate Judge Gossett two days later, on June 3. Text Minute Entry 10. Reaves has not shown that counsel's actions in failing to raise a Rule 5(a) challenge were unreasonable. The record shows Rule 5(a) only came into play for the two days between Reaves's arrest on federal charges and his hearing. Neither Reaves's hospital stay nor his time in the custody of the state authorities constitutes a Rule 5(a) violation.

Reaves also has not shown that there is a reasonable probability that the outcome of the proceeding would have been different. Considering both *Jeanetta* and *George*, the time Reaves spent in the hospital and in the custody of the state authorities

7

did not constitute an unnecessary delay. Additionally, ample other evidence existed against Reaves, including his connection to the Taser found at the scene of the crime. Reaves's allegations do not meet either prong of the *Strickland* standard and therefore the court finds this claim is without merit.

### 2. Failure to file a motion to suppress the cell phone

Reaves alleges that counsel failed to file a motion to suppress the warrantless seizure of Reaves's cell phone. Reaves argues that the police did not have a warrant when they used GPS tracking to determine Reaves's location. Reaves alleges that evidence derived from this seizure should have been suppressed, and if it had been suppressed, Reaves would have insisted on going to trial. The court finds these claims are without merit.

Reaves cannot show that counsel's actions were unreasonable. Counsel is not deficient for raising an argument that may have had merit, but was "a wholly novel claim at the time." [Anderson v. United States, 393 F.3d 749, 754 (8th Cir. 2005)](). Reaves was arrested and went to trial in 2009. In 2009, neither the United States Supreme Court nor the Eighth Circuit had addressed whether GPS tracking of a cell phone constituted a search or seizure within the meaning of the Fourth Amendment. In 2012, four Justices of the United States Supreme Court noted that the availability of cell phones and other forms of technology that provide GPS information "will continue to shape the average person's expectations about the privacy of his or her daily movements" but the Court did not, in that case, have the opportunity to consider whether GPS tracking on such technology was a search or seizure. [United States v. Jones, 132 S. Ct. 945, 963 (2012)]() (Alito, J. concurring in judgment). In 2009, raising GPS tracking of cell phones as a search or seizure was a novel claim, and counsel was not deficient for not raising it.

8

Regardless of whether the Fourth Amendment argument was novel at the time, Reaves cannot show that, had counsel filed this motion, there is a reasonable possibility the outcome of the proceedings would have differed. For the armored car robbery, Reaves went to trial and was convicted of both counts. The evidence presented at trial included DNA evidence and a Taser, both of which connected Reaves to the crime scene. For the TierOne Bank robbery, Reaves entered a plea of guilty to one charge. The evidence against him included DNA evidence and eyewitnesses. In light of the other evidence against him, Reaves has not shown a reasonable probability that a motion to suppress the cell phone would have changed the outcome of the proceedings. Therefore, his claim is without merit.

**3. Failure to file a motion to suppress Stackhouse's identification**

Reaves alleges that counsel failed to file a motion to suppress Stackhouse's identification to the TierOne Bank robbery. Reaves argues that it is unknown which factors influenced Stackhouse to identify Reaves, and had there been a suppression hearing, Reaves argues he would likely have gone to trial. The court finds this argument is without merit.

Reaves has not shown that counsel's actions were unreasonable. Reaves has not explained how Stackhouse's identification of him as one of the robbers was suggestive. Reaves does not allege any facts to support that Stackhouse's identification was unreliable to support a motion to suppress by counsel. Reaves has not shown that counsel exhibited deficient performance.

Further, Reaves does not sufficiently explain how there is a reasonable probability that there would have been a different outcome if counsel had filed a motion to suppress. Reaves does not explain how Stackhouse's identification was improperly

influenced. Reaves states that he likely would have gone to trial if counsel had pursued a suppression hearing, but only if that information from the suppression hearing would have been favorable to the defense. Filing No. 161 at 8. Reaves does not provide enough information to allege that the suppression hearing would have been favorable to the defense. Therefore, it is not clear that Reaves would have gone to trial absent counsel's actions. Reaves has not shown that counsel's actions were deficient or that a motion to suppress the identification was reasonably likely to change the outcome of the proceedings.

### 4. Failure to file a motion to suppress the goggles

Reaves alleges that counsel failed to file a motion to suppress a pair of welder's goggles found across the street from TierOne Bank. Reaves argues that the jury could not measure the reliability of the goggles appropriately because the goggles had multiple DNA contributors. Further, Reaves argues that the jury could not have known these goggles were evidence of the crime because the goggles were located across the street. Reaves argues that he would have gone to trial if the goggles were suppressed. The court finds this argument is without merit.

Reaves does not explain how counsel's actions regarding the goggles were unreasonable. No Fourth Amendment rights were implicated because the goggles were abandoned property. See *United States v. Smith*, 648 F.3d 654, 660 (8th Cir. 2011). Reaves does not claim that he had Fourth Amendment rights in the goggles that counsel could have asserted as the basis for a motion to suppress. His allegations regarding the goggles appear to be about the reliability of the DNA evidence, rather than his counsel's actions. Reaves has not shown that counsel's actions were deficient.

Reaves has also not shown that there is a reasonable probability that filing the motion to suppress would have led to a different outcome. Additionally, other evidence existed linked Reaves to the TierOne Bank robbery, including eyewitness testimony. Reaves has not shown that counsel's actions were deficient, nor that there was a reasonable probability of a different outcome.

### 5. Failure to file a motion in limine to exclude the OPPD bag

Reaves alleges that counsel failed to file a motion in limine to exclude the OPPD bag of money. He argues that the amount of money in the bag was not linked to the robbery, and should have been excluded. The court finds this argument is without merit.

Reaves must show both that counsel's performance was deficient and that there is a reasonable probability that the outcome would have differed if counsel had filed the motion to suppress. Reaves has not shown that counsel's performance was deficient because he does not explain any grounds for suppression of the OPPD bag. Further, Reaves has not shown a reasonable probability that the motion in limine would have changed the outcome of the proceedings. Even if the OPPD bag were excluded, there was still evidence of the robbery of over $29,000.00 from the Armored Car.[1] Filing No. 149 at 192. Reaves was charged with unlawfully taking the other money from the Armored Car, including the money from the Treasurer's Office. Filing No. 149 at 191. The inclusion of the OPPD bag did not prejudice his case. Reaves has not shown that counsel's performance was deficient or that there was a reasonable probability different actions by counsel would have resulted in a different outcome; therefore, this argument is without merit.

---

[1] OPPD had a pick-up of approximately $12,000.00 on the day of the robbery. Filing No. 149 at 191-92. The overall loss from the robbery was over $41,000.00. Filing No. 149 at 193.

11

### 6. Failure to call an expert to testify to Reaves's injury

Reaves alleges that counsel failed to call an expert witness to testify regarding Reaves's injuries. Reaves argues that an expert witness could have testified that Reaves's injuries were consistent with being shot from behind. Reaves argues that this testimony would have provided support for Reaves's defense that he was an innocent bystander to the robbery. The court finds this argument is without merit.

The decision not to call a witness is a virtually unchallengeable part of trial strategy. *United States v. Staples*, 410 F.3d 484, 488 (8th Cir. 2005). Reaves does not explain how counsel's decision not to call an expert witness was unreasonable. Further, testimony that Reaves was shot from behind would not automatically exclude Reaves from being one of the robbers. Additionally, there was other evidence, including DNA evidence and the Taser, that connected Reaves to the robbery. Reaves has not shown that counsel was deficient or that there was a reasonable probability of a different outcome; therefore, this argument is without merit.

### 7. Failure to impeach witnesses

Reaves alleges that counsel failed to impeach the testimony of Princeton Hervey, Matthew Gutierrez, and April Ruffin. Reaves argues that there was an inconsistency in the testimony of both Gutierrez and Hervey because Gutierrez testified to sitting in the front of the vehicle during the robbery, but also testified to being in the rear of the vehicle. Reaves argues that this inconsistency is relevant because if the driver had been sitting up front, it would have been a break-in procedure, and therefore the driver would have had motivation to lie. Reaves argues that the testimony would have bolstered his defense argument that he was hit by a stray bullet. Reaves also alleges that Ruffin lied about having phone contact with Reaves, and that such deception would

12

have been revealed on a proper cross-examination. The court finds that none of these claims have merit.

Reaves has not shown that counsel's performance regarding the witnesses during trial was deficient. When considering counsel's performance during a trial, a court will defer to reasonable trial strategies. *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003). A court will "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Reaves has not provided information about either Hervey or Gutierrez to support a claim that counsel's performance was deficient. Although Reaves alleges that counsel should have impeached Ruffin with phone records, the record shows that defense counsel did not possess the phone records to impeach Ruffin during trial. Filing No. 136. Reaves does not explain how counsel's failure to impeach is unreasonable when the government failed to disclose those documents to counsel in the first place. Further, even absent the phone records, counsel had undermined Ruffin's credibility during cross-examination by questioning her about lying to the police. Filing No. 149 at 224. Reaves has not shown that counsel's performance was deficient. Reaves has also not shown that there is a reasonable probability that impeaching Hervey, Gutierrez, or Ruffin would have changed the outcome of the trial. Again, ample evidence existed outside of the eyewitnesses to tie Reaves to the robbery, including his DNA and the Taser. Filing No. 154 at 183. The phone records would have indicated nothing more than that Ruffin and Reaves had a close connection, further substantiating the testimony that she bought the Taser for Reaves. Reaves has not shown either deficient performance of counsel or a reasonable probability of a different outcome to the proceedings.

**8. Plea agreement**

Reaves alleges that counsel failed to adequately investigate Reaves's arrest, and that this failure led to an involuntary plea. He argues that the police "deliberately circumvented the requirements of an arrest warrant and intentionaly (sic) delayed the initial appearance." Filing No. 161 at 4. Reaves argues that the arrest warrant from the state was deficient, and that if the evidence after the arrest were suppressed, Reaves would not have pled.

To the extent that Reaves challenges the arrest warrant itself, the argument is without merit. A petitioner is barred from raising an issue in a § 2255 motion if the petitioner could have raised the issue on direct appeal and did not. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). This procedural default may be excused if petitioner can show two things: first, that a cause exists that excuses the default and second, actual prejudice from the asserted errors. *Matthews*, 114 F.3d at 113. Reaves did not raise the issue of a deficient warrant on direct appeal, and has provided neither cause nor prejudice to excuse the procedural default.

A defendant must knowingly and voluntarily enter into the plea agreement for it to be valid. *U.S. v. Andis*, 333 F.3d 886, 890 (8th Cir. 2003). To ensure that a defendant knowingly and voluntarily enters into the plea agreement, the district court should "properly question [the] defendant about his or her decision to enter that agreement." *Andis*, 333 F.3d at 890-91. The record shows the court questioned Reaves extensively about his plea agreement to ensure that he understood what rights he was giving up. Filing No. 179 at 6-13. Reaves indicated that he understood his plea agreement and thereafter pled guilty. *Id.* at 15. Reaves has not shown that counsel's actions were deficient nor that there is a reasonable probability of a different outcome.

14

## OTHER CLAIMS

Reaves also alleges that the prosecution withheld evidence reports in violation of *Brady v. Maryland* and that this amounted to prosecutorial misconduct. Filing No. 161 at 5. This claim is without merit.

Reaves did not raise prosecutorial misconduct regarding evidence reports on direct appeal. *See* Filing No. 162. Reaves is therefore barred from raising this issue in this motion. *See Matthews*, 114 F.3d at 113. Even if Reaves were not procedurally barred, Reaves previously filed a § 2255 motion that only allowed Reaves to bring further claims if they related to ineffective assistance of counsel. Filing No. 140. Reaves does not allege this claim is related to his ineffective assistance of counsel claims. Therefore, this argument is without merit.

## OTHER MOTIONS

The Motions to Appoint Counsel, Filing Nos. 158 and 184, are denied as moot. The Motion for Clarification, Filing No. 159, is denied as seeking legal advice that the court cannot provide. The Motion to Produce, Filing No. 160, and the Motion for Docket Sheet, Filing No. 183, are denied. The Motion to add the Reaves Reply argument, Filing No. 185, is granted.

## CONCLUSION

Mr. Reaves made a decision to exercise his Constitutional right to trial in the armored car robbery case. He had a fair trial. He provided the jury his version of the offense and testified to his innocence. The court and the jury did not believe his incredible tail of alleged misfortune. Mr. Reaves then exercised the good judgment to plead guilty to the Tier One Bank robbery. The eyewitness identification due to his unique facial features and DNA testing made his defense untenable. During the plea

15

colloquy he admitted his guilt.  The court finds no reason to grant the defendant post-conviction relief on any of the grounds he outlines.  Accordingly,

IT IS ORDERED:

1.  Defendant's Motion and Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Filing Nos. 161 and 168, are denied.

2.  Defendant's Motion for Clarification, Filing No. 159, is denied.

3.  Defendant's Motion to Produce, Filing No. 160, is denied.

4.  Defendant's Motion for Status, Filing No. 174, is denied.

5.  Defendant's Motion for Docket Sheet, Filing No. 183, is denied.

6.  Defendant's Motions to Appoint Counsel, Filing Nos. 158 and 184, are denied.

7.  Defendant's Motion to add to Reaves Reply argument to the government response of his § 2255, Filing No. 185, is granted.

8.  A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 1st day of August, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge