IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:09CR187 |
| v. | |
| DANNY REAVES, | ORDER |
| Defendant. | |

This matter is before the court on the defendant's motion and amended motion to have his previously filed motion for a certificate of appealability construed as a notice of appeal, Filing No. 216 and Filing No. 218; motion to toll time, Filing No. 217; and motion for leave to submit evidence regarding his motion to toll time, Filing No. 219.

The defendant seeks to appeal the court's order of September 17, 2013, denying his motion for relief under Fed. R. Civ. P. 59 and 60. Filing No. 211. The record shows that this court denied the defendant's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on August 1, 2012. Filing No. 186, Memorandum and Order; Filing No. 187, Judgment. The court also denied his motion to reconsider that order and his motion for a certificate of appealability. Filing No. 190, Motion; Filing No. 191, Order; Filing No. 197, Motion; Filing No. 200, Order. The Eighth Circuit Court of Appeals similarly denied his motion for a certificate of appealability and dismissed his appeal. Filing No. 203. He filed another motion to reconsider the August 1, 2012, order on August 9, 2013, and on September 17, 2014, the court denied the motion finding no basis to reconsider the order and further finding that the motion was not only untimely, but lacked merit. Filing No. 211, Order.

Reaves moved for a certificate of appealability with respect to the order of September 17, 2013. Filing No. 212, motion. The motion was filed in the district court on November 20, 2013, and the court denied the motion on December 12, 2013. *See id.*, Filing No. 214, Order. He now asks the court to construe that motion as a notice of appeal. In the interest of justice, the court will do so.

Under Fed. R. Civ. P. 3(c), the court has latitude in determining what constitutes a notice of appeal provided that whatever form the notice takes, it is filed within the time limits of Rule 4(a). *Turner v. Armontrout*, 922 F.2d 492, 494 (8th Cir. 1991). Under Fed. R. App. P. 4(a), any party in an action in which the United States is a party has 60 days in which to appeal. Fed. R. App. P. 4(a). Under the Federal Rules, the day of the event that triggers the period is excluded from the calculation, and the last day is included, unless the last day is a Saturday, Sunday, or legal holiday, in which case the period continues to run until the next day that is not a Saturday, Sunday or legal holiday. Fed. R. Civ. P. 6(a)(1)(A) & (C). Under the prison mailbox rule, if an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Fed. R. App. P. 4(c)(1).

Sixty days from September 18, 2013, falls on Sunday, November 17, 2013. Accordingly, the defendant had until Monday, November 18, 2013, to file a notice of appeal. The certificate of service on Reaves's motion indicates that he delivered the pleading to the prison officials for mailing on November 15, 2013, within the time for filing an appeal. The pleading was filed within the time limits of Fed. R. App. P. 4(a). Accordingly, the court will construe the pleading as a notice of appeal and will direct the

Clerk of Court to process the appeal. In light of this finding, the court need not address the defendant's tolling arguments.

The denial of the plaintiff's motion for a certificate of appealability was based in part on the defendant's failure to appeal. Accordingly, the court will vacate the order denying the motion and will reconsider the motion on its merits.

Under Rule 11 of the Rules Governing § 2255 Proceedings, 28 U.S.C. foll. § 2255 ("Section 2255 Rules"), "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2255 Rule 11(a). An appeal from a final order in a proceeding under section 2255 may be pursued only if a circuit or district judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (noting that district courts, as well as appeals courts, have the authority to issue certificates of appealability under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1) ("the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)"). To make a substantial showing of the denial of a constitutional right, a petitioner must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Bell v. Norris*, 586 F.3d 624, 632 n.3 (8th Cir. 2009).

"If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)" and if the court denies a

certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Section 2255 Rule 11(a); see Fed. R. App. P. 22(b)(1) ("[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it.").

Upon review of the record, the court concludes that the defendant has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Accordingly, the court finds that no certificate of appealability should issue.

IT IS HEREBY ORDERED:

1. The defendant's motion and amended motion to have his previously filed motion for a certificate of appealability construed as a notice of appeal (Filing No. 216 and Filing No. 218) are granted.

2. The defendant's motion for a certificate of appealability is construed as a notice of appeal and the Clerk of Court is directed to process it as such.

3. Defendant's motion to toll time (Filing No. 217) and motion for leave to file evidence regarding the motion to toll time (Filing No. 219) are rendered moot by this order and denied.

4. The court's order denying the defendant's motion for a certificate of appealability (Filing No. 214) is vacated.

5. The court finds no certificate of appealability shall issue.

Dated this 12th day of June, 2014.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge