IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>DANNY REAVES,<br>Defendant. | **8:09CR187**<br><br>**ORDER** |

This matter comes before the Court on Defendant's Notice of Appeal and request to proceed in forma pauperis. Filing No. 324.

On July 10, 2026, the Court entered an order denying Defendant's motion for compassionate release. Filing No. 320. On July 14, the Court denied Defendant's motion for hearing. Filing No. 321. On July 23, Defendant filed a motion for reconsideration of the denial of both motions. Filing No. 322. On July 29, Defendant filed a second motion for reconsideration. The Court has not yet ruled on the motions for reconsideration, but Defendant nevertheless filed a notice of appeal on July 30, 2026, as to the Court's denial of his motion for compassionate release and motion for hearing. Filing No. 324.

Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction. *See, e.g.*, *Johnson v. Hay*, 931 F.2d 456, 459 n.2 (8th Cir.1991). An exception to this general rule appears in Federal Rule of Appellate Procedure 4(a). Rule 4(a)(1)(A) states that ordinarily, a notice of appeal must be filed within 30 days after the entry of the judgment or order that is being appealed. The filing of certain motions can alter this deadline, however. Rule 4(a)(4)(A) states, in part, that if a party timely files in the district one of the following motions, the time to file an appeal runs from the entry of the order

disposing of the last such remaining motion: a motion to alter or amend the judgment under Rule 59, a motion for a new trial under Rule 59, or a motion for relief under Rule 60 if the motion is filed within 28 days after the judgment is entered. Importantly, "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i).

Here, Reaves has filed motions that could be construed under Rule 59 and Rule 60. Because he timely filed the motions, they serve to toll his appeal deadline until the Court resolves them. Thus, his notice of appeal will be effective when the Court disposes of his pending motions to reconsider. The notice of appeal is therefore considered timely but will not be processed at this time.

Reaves has previously been granted in-forma-pauperis status in this case. However, the Court has denied him leave to proceed in forma pauperis on appeal from motions it deemed frivolous, such as successive motions under 28 U.S.C. § 2255. *See* Fed. R. App. P. 24(a)(3)(A) (stating the district court can deny leave to proceed in forma pauperis to a party previously granted such a status if "the appeal is not taken in good faith or [the Court] finds that the party is not otherwise entitled to proceed in forma pauperis"). Nevertheless, the Court finds the present appeal from the denial of compassionate release was undertaken in good faith. Accordingly, the Court determines Petitioner should be permitted to proceed on appeal in forma pauperis once the Court resolves his pending motions to reconsider.

IT IS ORDERED:

1) Defendant shall be given leave to proceed on appeal in forma pauperis. However, the Clerk of Court is ordered not to process his Notice of Appeal to the Eighth Circuit Court of Appeals until the Court resolves his motions for reconsideration, Filing No. 322 and Filing No. 323.
2) The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 30th day of July 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge